UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

    v.

LORENZO BAILEY,

    Defendant.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CR-293-4 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**
Before the Court is Lorenzo Bailey's ("Defendant") motion to suppress and preclude the contents of two cellphones. Def. Mot., ECF No. 478. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On August 9, 2021, the Honorable Linda T. Walker, United States Magistrate Judge for the Northern District of Georgia, issued a warrant (the "Seizure Warrant") authorizing the FBI to seize, among other things, two cellphones. Def. Mot. at 4; Def. Mot. Ex. A, Attachment B. The warrant did not permit agents to search the contents of the phones. *Id.* On August 20, 2021, after the phones were transported to the Eastern District of New York, the Honorable Marcia M. Henry, United States Magistrate Judge for the Eastern District of New York, issued a warrant (the "Search Warrant") authorizing a search of the phones. Gov. Resp. at 2, ECF No. 479. The Government intends to admit several dozen exhibits from the phones at trial. *Id.*

On October 19, 2022, Defendant Bailey, through his counsel, filed a motion to suppress two of these exhibits. Defendant challenges the probable cause underlying the Seizure Warrant.

## LEGAL STANDARD

"[T]he Fourth Amendment provides that 'a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity.'" *United States v. Galpin*, 720 F.3d 436, 445 (2d Cir. 2013) (quoting *Kentucky v. King*, 563 U.S.

452, 459 (2011)). The probable cause requirement is met "where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Clark*, 638 F.3d 89, 94 (2d Cir. 2011) (citing *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007)). "This required nexus between the items sought and the 'particular place' to be searched protects against the issuance of general warrants." *Id.* (citing *Stanford v. State of Texas*, 379 U.S. 476, 481 (1965)). Ultimately, however, "[a]ffidavits in the 'so lacking in indicia of probable cause' category are primarily those that are 'bare bones, *i.e.*, totally devoid of factual circumstances to support conclusory allegations.'" *United States v. Shafer*, No. 21-1334 CR, 2022 WL 868901, at *2 (2d Cir. Mar. 24, 2022) (summary order) (quoting *Clark*, 638 F.3d at 103).

"[T]he duty of a court reviewing the validity of a search warrant is 'simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed.'" *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (internal quotation marks omitted)). Indeed, a "magistrate's determination of probable cause should be paid great deference by reviewing courts." *United States v. Nelson*, 828 F. App'x. 804, 806 (2d Cir. 2020) (summary order) (quoting *Gates*, 462 U.S. at 236) (internal quotation marks omitted).

## DISCUSSION

The motion to suppress must be denied for the same reasons set forth in the Court's September 14, 2022 Memorandum and Order denying a motion challenging warrants to search and obtain records associated with Defendant Bailey's social media and iCloud accounts. Mem. & Order at 23-24, ECF No. 330.

As an initial matter, Defendant challenges the probable cause underlying the Seizure Warrant but does not challenge the probable cause underlying the Search Warrant. Defendant has presented no evidence to suggest the Search Warrant was invalidly issued or executed.

To the extent Defendant argues the contents of the phones must be suppressed because they were derived, ultimately, from an invalid Seizure Warrant, the motion must be denied. Probable cause existed both to seize and to search the cellphones in question. The Seizure Warrant affidavit not only states Defendant had been indicted in the Eastern District of New York in connection with the alleged November 7, 2020 shootings, but it also states that a validly authorized search of Defendant Brown's cellphone revealed a conversation between Defendants Brown and Bailey. Def. Mot. Ex. A ¶¶ 9,13. The affidavit also states FBI Agents knew, from "review[ing] search warrant returns of cellular devices belonging to other members of GD," that GD members use cellphone-based messaging applications to discuss "shootings and the motives for shootings, as well as discussions of other criminal activity." *Id.* ¶ 29. As further noted in the affidavit and as explained in the Court's September 14, 2022 Memorandum and Order, shootings involving multiple vehicles driving in convoys require substantial coordination, "which . . . likely occurred using cellular devices." *Id.* ¶ 30. Moreover, the crimes charged, which include violent crimes in-aid-of racketeering, require proof of Defendant's associations—evidence likely to be found on phones associated with Defendant. In combination, these facts support a "fair probability that contraband or evidence of a crime [would have been] found" on the phones. *Clark*, 638 F.3d at 94. Accordingly, the magistrate judge had a substantial basis for concluding probable cause existed to support warrants for the seizure and search of the phones.

Defendant Bailey also argues the evidence from the phones is only "tenuously connected" to the issues at trial and should be excluded under Fed. R. Evid. 401 as irrelevant.

Def. Mot. at 2. He also argues the evidence should be excluded under Fed. R. Evid. 403 as presenting a danger of unfair prejudice and needlessly cumulative evidence. *Id.* However, the evidence in question includes videos from November 7, 2020, the day of the alleged shooting, showing Defendant's clothing and his possession of firearms, and photographs showing Defendant associating with co-defendants and other members of the alleged enterprise. Gov't Resp. at 4. Such evidence is highly relevant to the issues at trial. Moreover, Defendant has not presented any valid basis for the Court to believe the probative value of any particular exhibit is substantially outweighed by the risk of prejudice or cumulative presentation of the facts.

To the extent Defendant objects to specific exhibits, the Government has offered to confer with defense counsel regarding the objections and their bases. Accordingly, the Court will grant Defendant leave to raise specific objections to particular exhibits after conferring with the Government on such issues.

## CONCLUSION

For the foregoing reasons, the motion to suppress is DENIED without prejudice to renew objections to specific exhibits after conferring with the Government.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2022
      Brooklyn, New York